ARSHAK BARTOUMIAN (SBN 210370)
OMNIA LEGAL, INC
124 WEST STOCKER STREET STE "B"
GLENDALE, CALIFORNIA 91202
TEL. 818-532-9339
EMAIL: DISPUTES@OMNIALEGAL.ORG

FILED
CLERK, U.S. DISTRICT COURT

SEP 1 2 2012

CENTRAL DISTRICT OF CALIFORNIA
BY_____ DEPUTY

# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

ARABO SARKESYAN, an individual,

Plaintiff,

vs.

RESURGENT CAPITAL SERVICES, LP., A

Delaware Limited Partnership

MIDLAND FUNDING, LLC., A Delaware

Limited Liability Company

PORTFOLIO RECOVERY ASSOCIATES,

LLC., A Delaware Limited Liability Company

BANK OF AMERICA N.A., A National

Association

Defendants.

Case No. CV12·7706 SVW (JCGx)

**COMPLAINT FOR:**

1) VIOLATIONS OF THE CALIFORNIA CIVIL CODE SECTION 1798.93
2) VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT;
3) VIOLATIONS OF THE ROSENTHAL FAIR DEBT COLLECTION PRACTICES ACT;
4) VIOLATIONS OF THE FAIR CREDIT REPORTING ACT;
5) VIOLATIONS OF THE CONSUMER CREDIT REPORTING AGENCIES ACT;
6) VIOLATIONS OF CALIFORNIA BUSINESS & PROFESSIONAL CODE §17200

**DEMAND FOR JURY TRIAL**

NOW COMES Plaintiff ARABO SARKESYAN (hereinafter "Plaintiff"), who is an identity theft victim, by and through his attorney on record Arshak Bartoumian, and brings this Complaint against Defendant RESURGENT CAPITAL SERVICES, LP (hereinafter "RESURGENT"), MIDLAND FUNDING, LLC (hereinafter "MIDLAND"), Defendant PORTFOLIO RECOVERY ASSOCIATES, LLC (hereinafter "PORTFOLIO") and Defendant BANK OF AMERICA N.A. (hereinafter "BANA") and alleges as follows:

## PRELIMINARY STATEMENT

1. The Fair Debt Collection Practices Act ("FDCPA") regulates the behavior of collection agencies attempting to collect a debt on behalf of another. The United States Congress has found abundant evidence of the use of abusive, deceptive, and unfair debt collection practices by many debt collectors, and has determined that abusive debt

collection practices contribute to a number of personal bankruptcies, marital instability, loss of jobs, and invasions of individual privacy. Congress enacted the FDCPA to eliminate abusive debt collection practices by debt collectors, to ensure that those debt collectors who refrain from using abusive debt collection practices are not competitively disadvantaged, and to promote uniform State action to protect consumers against debt collection abuses [15 U.S.C. §1692(a)-(e)].

2. The FDCPA is a strict liability statute, which provides for actual or statutory damages upon the showing of one violation. The Ninth Circuit has held that whether a debt collector's conduct violates the FDCPA should be judged from the standpoint of the "least sophisticated" consumer. [Baker v. G.C. Services Corp., 677 F.2d 775, 778 (9th Cir. 1982); Swanson v. Southern Oregon Credit Service, Inc. 869 F.2d 1222, 1227(9th Cir.1988)]. This objective standard "ensure[s] that the FDCPA protects all consumers, the gullible as well as the shrewd … the ignorant, the unthinking and the credulous." [Clomon v. Jackson, 988 F.2d 1314, 1318-19 (2nd Cir. 1993)].

3. To prohibit deceptive practices, the FDCPA, at 15 U.S.C. §1692e, outlaws the use of false, deceptive, and misleading collection letters and names a non-exhaustive list of certain per se violations of false and deceptive collection conduct. 15 U.S.C. §1692e(1)-(16).

4. To prohibit harassment and abuses by debt collectors, the FDCPA, at 15 U.S.C. §1692d, provides that a debt collector may not engage in any conduct the natural consequence of which is to harass, oppress, or abuse any person in connection with the collection of a debt and names a non-exhaustive list of certain per se violations of harassing and abusive collection conduct. 15 U.S.C. §1692d(1)-(6). Among these per se violations prohibited by that section are any collection activities, including the placement of telephone calls without meaningful disclosure of the caller's identity [15 U.S.C. §1692d(6)]

5. The FDCPA also prohibits, at 15 U.S.C. §1692c, without the prior consent of the consumer given directly to the debt collector, or the express permission of a court of competent jurisdiction, or as reasonably necessary to effectuate a post judgment judicial remedy, communication by a debt collector in connection with the collection of any debt,

with any person other than the consumer, his attorney, a consumer reporting agency if otherwise permitted by law, the creditor, the attorney of the creditor, or the attorney of the debt collector.

6. The Rosenthal Fair Debt Collection Practices Act ("RFDCPA") regulates collection agencies and original creditors attempting to collect debts on their own behalf. The California legislature has determined that the banking and credit system and grantors of credit to consumers are dependent upon the collection of just and owing debts and that unfair or deceptive collection practices undermine the public confidence that is essential to the continued functioning of the banking and credit system and sound extensions of credit to consumers. The Legislature has further determined that there is a need to ensure that debt collectors exercise their responsibility with fairness, honesty, and due regard for the debtor's rights and that debt collectors must be prohibited from engaging in unfair or deceptive acts or practices.

7. This case involves money, property, or other equivalent, due or owing or alleged to be due or owing from natural persons by reason of consumer credit transactions. As such, this action arises out of "consumer debts" and "consumer credit" as those terms are defined by California Civil Code §1788.2(f).

8. Congress enacted the Fair Credit Reporting Act ("FCRA") to establish consumer rights to privacy over their credit and financial information and to ensure the "[a]ccuracy and fairness of credit reporting." FCRA provides several protections for consumers, including but not limited to the right to be notified of any negative/unfavorable information reported in their name and the right to dispute inaccurate, outdated and/or incomplete information on their credit file.

9. FCRA regulates credit reporting agencies as well as creditors, collection agencies and other parties who provide information to credit reporting agencies and/or obtain and use the consumer credit reports. FCRA Section 623, 15 U.S.C. §1681s-2, imposes obligations on furnishers of information to the credit reporting agencies. Furnishers must report accurate information, correct and update erroneous information, and provide certain notices to consumer pertaining to furnished information.

10. FCRA Sections 616 and 617, 15 U.S.C. §1681n and §1681o, create private

right of action consumers can bring against violators of any provision of the FCRA with regards to their credit. In DiMezza v. First USA Bank, Inc., supra, the court confirmed that "[...] the plain language of [CRA Sections 616 and 617, 15 U.S.C. §1681n and §1681o] provide a private right of action for a consumer against furnishers of information who have willfully or negligently failed to perform their duties upon notice of a dispute. [...] there is a private right of action for consumers to enforce the investigation and reporting duties imposed on furnishers of information."

11.   Consumer Credit Reporting Agencies Act ("CCRAA") was implemented to protect the credit information of California consumers. CCRAA also regulates consumer credit reporting agencies and furnishers of information with respect to personal, credit and other financial information submitted and maintained in their credit file. CCRAA in California Civil Code §1785.25-1785.26 refrains furnishers of information from reporting information that they know or should have known was erroneous, and obligates furnishers to cease credit reporting of information disputed by consumers without notice of such dispute.

12.   CCRAA provides consumers with the right to be informed of negative credit reporting and the right to dispute information in their credit reports, which they believe is incomplete and/or inaccurate. Consumers also have the right to bring civil action against violators of any provision of the CCRAA with respect to their rights and their credit, and to seek monetary damages. California Civil Code §1785.19 and §1785.31.

13.   Sanai v. Saltz, et al., 2009 Cal. App. LEXIS 83 (Cal. App. 2d Dist. Jan. 26, 2009) established that consumers may replead their FCRA claims as violations of the CCRAA and that the state claims are not preempted by FCRA. In further support, courts have uniformly rejected creditors' and consumer reporting agencies' arguments that the FCRA bars state law claims. See Sehl v. Safari Motor Coaches, Inc., 2001 U.S. Dist. Lexis 12638 (U.S.D.C. N.D. Cal. 2001)(for detailed discussion); Harper v. TRW, 881F. Supp. 294 (U.S.D.C. S.D. Mich. 1995); Rule v. Ford Receivables, 36 F. Supp.2d 335 (U.S.D.C. S.D. Va. 1999); Watkins v. Trans Union, 118 F. Supp.2d 1217 (U.S.D.C. N.D. Ala. 2000); Swecker v. Trans Union, 31 F. Supp.2d 536 (U.S.D.C. E.D. Va. 1998); Saia v. Universal Card Svc., 2000 U.S.Dist.Lexis 9494, 2000 Westlaw 863979 (U.S.D.C. E.D. La. 2000); Sherron v. Private Issue by Discover, 977 F. Supp.2d 804 (U.S.D.C. N.D. Miss. 1997);

Hughes v. Fidelity Bank, 709 F. Supp.2d 639 (U.S.D.C. E.D. Pa. 1989).

## I. JURISDICTION AND VENUE.

14. Jurisdiction of this Court arises under 15 U.S.C. §1692k(d), 15 U.S.C. §1681p, California Civil Code Section 1785.33, 28 U.S.C. §1337, and supplemental jurisdiction exists for the state law claims pursuant to 28 U.S.C. §1367. Declaratory relief is available pursuant to 28 U.S.C. §2201 and 2202.

15. Venue is proper in that Plaintiff's claim arose in this District.

## II. THE PARTIES.

16. The Plaintiff ARABO SARKESYAN ("Plaintiff'), is a natural person who, at all times relevant herein, resided in Los Angeles County, State of California.

17. Plaintiff is a consumer as that term is defined in 15 U.S.C. §1692a (3), 15 U.S.C. §1681a (c) and California Civil Code Section 1785.3(b).

18. Defendant RESURGENT is and at all times relevant herein was a Delaware Limited Partnership, conducting business in the State of California.

19. Defendant MIDLAND is and at all times relevant herein was a Delaware Limited Liability Company, conducting business in the State of California.

20. Defendant PORTFOLIO is and at all times relevant herein was a Delaware Limited Liability Company, conducting business in the State of California.

21. Defendant BANA is and at all times relevant herein was a National Association, conducting business in the State of California.

22. Defendants RESURGENT, MIDLAND, PORTFOLIO and BANA are debt collectors as that term is defined in 15 U.S.C. §1692a (6) and California Civil Code Section 1788.2(c).

23. Defendants RESURGENT, MIDLAND, PORTFOLIO and BANA and each one of them is a person as that term is defined in 15 U.S.C. §1681a (b), California Civil Code Section 1785.3(j) and California Civil Code Section 1788.2(g).

## III. FACTUAL ALLEGATIONS.

24. On or about October 2011 Plaintiff obtained his credit report from the three national credit reporting agencies, Experian, Equifax and Transunion (collectively "CRAs"), which reveled several fraudulent accounts, including credit and collection accounts reported by Defendants RESURGENT, MIDLAND, PORTFOLIO and BANA as follows: Partial Account#419200000431... reported by RESURGENT, Partial Account#855154...,

854568…and  854618…  MIDLAND,  Partial  Account#8906628395454…  reported  by PORTFOLIO and Partial Account#18… reported by BANA.

25.  Plaintiff did not know of the fraudulent accounts prior to the credit review and he was never even contacted by Defendants RESURGENT, MIDLAND, PORTFOLIO and BANA with notice of debt and the fraudulent accounts and debts were furnished to his credit file without his knowing.

26.  Immediately upon discovery of the fraudulent accounts opened in his name and the resulting collection accounts for the fraudulent debts, Plaintiff obtained a full identity theft report pursuant to Penal Code section 530.5 from the police department and forwarded copies to the creditors of those accounts, their respective collection agencies as well as the CRAs that were reporting the fraudulent accounts in Plaintiff's credit history.

27.  Upon receipt of Plaintiff's fraud notice supported by the identity theft police report and affidavit, Defendants RESURGENT, MIDLAND, PORTFOLIO and BANA and each one of them failed to cease reporting and conduct thorough investigation into the matter.

28.  On or about March 2012 and again on July 2012 Plaintiff sent follow up notices to Defendants RESURGENT, MIDLAND, PORTFOLIO and BANA at each of their respective addresses, notifying of their violations with regards to the continued credit reporting and/or collection efforts made on fraudulent debts and requesting deletion of their fraudulent accounts from Plaintiff's name.

29.  To date, after multiple notices and requests, Defendants RESURGENT, MIDLAND, PORTFOLIO and BANA still continue to maintain the fraudulent accounts on file under Plaintiff's name. As a result of Defendants' conduct, Plaintiff has suffered:

a.  Actual damages and serious financial harm arising from monetary losses relating to denials to new credit, loss of use of funds, loss of credit and loan opportunities, excessive and/or elevated interest rate and finance charges while the fraudulent accounts remained in Plaintiff's credit file;

b.  Out of pocket expenses associated with communicating with Defendants RESURGENT, MIDLAND, PORTFOLIO and BANA, disputing the fraudulent information, cost of lost time and delays caused by Defendants' RESURGENT, MIDLAND, PORTFOLIO and BANA constant failures/refusals to cooperate;

c.  Emotional distress and mental anguish associated with having fraudulent derogatory credit information transmitted about Plaintiff to other people both known and unknown;

d.  Decreased credit score and creditworthiness, which may result in inability to obtain credit, employment or housing on future attempts.

## FIRST CLAIM FOR RELIEF
### (Violations of the California Civil Code Section 1798.93)

### Against All Defendants RESURGENT, MIDLAND, PORTFOLIO and BANA

30.   Plaintiff repeats and reincorporates the preceding paragraphs as though set forth in full in this cause of action.

31.   Defendants RESURGENT, MIDLAND, PORTFOLIO and BANA knowingly and willfully violated California Civil Code Section 1798.93. Defendants' violations include, but are not limited to the following:

   a) Ignoring Plaintiff's notification that the subject accounts/debts are fraudulent, that someone other than the Plaintiff opened the accounts without Plaintiff's knowledge and authorization is a clear and willful violation of the California Civil Code Section 1798.93.

## SECOND CLAIM FOR RELIEF
### (Violation of the FDCPA [15 U.S.C. §§ 1692-1692p])

### Against RESURGENT, MIDLAND, PORTFOLIO and BANA

32.   Plaintiff repeats and reincorporates the preceding paragraphs as though set forth in full in this cause of action.

33.   Defendants RESURGENT, MIDLAND, PORTFOLIO and BANA violated the FDCPA. Defendants' RESURGENT, MIDLAND, PORTFOLIO and BANA violations include, but are not limited to, the following:

   a) Failing to provide the notice required under 15 U.S.C. Section 1692e (11).

   b) Failing to provide written notices of Plaintiff's right to verification of the debt as well as information about the debt and the original creditor, as required under 15 U.S.C. Section 1692g(a);

   c) Failing to cease collection activity upon receipt of Plaintiff's dispute and notices of fraudulent debt, as required under 15 U.S.C. Section 1692g(b);

   d) Using false representations and deceptive means to collect or attempt to collect a debt, in violations of 15 U.S.C. §1692e(10);

   e) Using unfair and/or unconscionable means to collect an alleged debt, in violation of 15 U.S.C. §1692f;

   f) Attempting to collect amounts (including any interests, fees, charges, or expenses incidental to the principal obligations) not expressly authorized by the agreements creating the purported debts or permitted by law, in violations of 15 U.S.C Section 1692f(1)

34.   As a result of the above violations of the FDCPA, Defendant is liable to Plaintiff

for declaratory judgment that defendants' RESURGENT, MIDLAND, PORTFOLIO and BANA conduct violated the FDCPA, and for Plaintiff's actual damages, statutory damages, costs and attorney's fees.

## THIRD CLAIM FOR RELIEF

### (Violations of the RFDCPA)

### Against RESURGENT, MIDLAND, PORTFOLIO and BANA

35.  Plaintiff repeats and reincorporates the preceding paragraphs as though set forth in full in this cause of action.

36.  Defendants RESURGENT, MIDLAND, PORTFOLIO and BANA knowingly and willfully violated RFDCPA. Defendants' violations include, but are not limited to, the following acts performed in attempting to collect a consumer debts:

a)  Using false representations and deceptive means to collect or attempt to collect debts, in violation of California Civil Code Section 1788.17;

b)  Using unfair and/or unconscionable means to collect an alleged debt, in violation of California Civil Code Section 1788.17;

c)  Attempting to collect amounts (including any interests, fees, charges, or expenses incidental to the principal obligations) not expressly authorized by the agreements creating the purported debts or permitted by law, in violations of California Civil Code Section 1788.17.

37.  As results of Defendants' RESURGENT, MIDLAND, PORTFOLIO and BANA violations of the Rosenthal Act, pursuant to Civil Code Section 1788.30, Plaintiff is entitled to actual damages, statutory damages, attorney's fees and costs.

## FOURTH CLAIM FOR RELIEF

### (Violations of the FCRA [15 U.S.C. §1681 et seq.])

### Against All Defendants

38.  Plaintiff repeats and reincorporates the preceding paragraphs as though set forth in full in this cause of action.

39.  Defendants RESURGENT, MIDLAND, PORTFOLIO and BANA violated the FCRA. Defendant's violations include, but are not limited to, the following:

a.       Failing to follow reasonable procedures to assure maximum possible accuracy of the information furnished to the CRAs, which is the principal purpose of the FCRA;

b.      Failing to conduct proper investigation of disputed information upon receipt of Plaintiff's dispute, as described in 15 U.S.C. §1681s-2 (b);

c.      Failing to delete or permanently block the reporting of the accounts disputed by Plaintiff, which were not and/or could not be verified after the reinvestigation, per 15 U.S.C. §1681s-2 (b)(1)(E);

d.      Failing to take proper action of verification, correction, deletion, or permanent block of the information disputed by Plaintiff by the deadline, as described in 15 U.S.C. §1681s-2 (b)(2).

40.   As a result of the above violations of the FCRA, Defendants RESURGENT, MIDLAND, PORTFOLIO and BANA and each of them are liable to Plaintiff for declaratory judgment that defendants' RESURGENT, MIDLAND, PORTFOLIO and BANA conduct violated the FCRA, and for Plaintiff's actual damages, statutory damages, cost and attorney's fees.

## FIFTH CLAIM FOR RELIEF

### (For Violations of the CCRAA)

### Against All Defendants

41.   Plaintiff repeats and reincorporates the preceding paragraphs as though set forth in full in this cause of action.

42.   Defendants RESURGENT, MIDLAND, PORTFOLIO and BANA knowingly and willfully violated CCRAA. Defendant's violations include, but are not limited to, the following acts:

a)   Furnishing information to Plaintiff's credit reports which Defendants RESURGENT, MIDLAND, PORTFOLIO and BANA knew or should have known were inaccurate, in violation of California Civil Code §1785.25(a);

b)   Failing to acknowledge Plaintiff's demand for deletion of fraudulent information furnished to the CRAs following Plaintiff's dispute with the CRAs, as required under California Civil Code Section 1785.30.

## SIXTH CLAIM FOR RELIEF

### (VIOLATIONS OF CALIFORNIA BUSINESS & PROFESSIONS CODE §17200)

### Against All Defendants

43.  Plaintiff incorporates all preceding paragraphs as though alleged in full in this cause of action.

44.  Plaintiff is informed and believes and thereon alleges that Defendants RESURGENT, MIDLAND, PORTFOLIO and BANA committed unlawful, unfair, and/or fraudulent business practices, as defined by California Business and Professions Code §17200, specifically by disregarding State and Federal laws governing the business operations of credit reporting agencies and by carrying out company policies that are conflicting with those laws.

45.  Plaintiff has brought a claim against Defendants RESURGENT, MIDLAND, PORTFOLIO and BANA for violation of Business and Professions Code §17200, because he has suffered sufficient injury to his credit and his name which in turn resulted in financial damages that are the direct result of Defendants' violations alleged above and herein.

46.  Plaintiff lost money as a direct result of Defendants' RESURGENT, MIDLAND, PORTFOLIO and BANA noncompliance with its duty to resolve Plaintiff's fraud claim in a timely and proper manner. As a result of Defendants' RESURGENT, MIDLAND, PORTFOLIO and BANA wrongful conduct in reporting and allowing the continuous reporting of fraudulent information, Plaintiff has suffered various damages and injuries according to proof at trial.

47.  Plaintiff seeks equitable relief, costs of lawsuit and other reasonable fees associated with this case and for such other and further relief as the Court may deem just and proper.

## PRAIR FOR RELIEF

48.  Plaintiff has brought a claims against Defendant for violation of California Civil Code §3294 because of its breach of an obligation owed to Plaintiff which did not arise from contract but rather exist in the relationship of a CRA such as the Defendant and a consumer such as the Plaintiff.

49.  As alleged herein, Defendant has made several representations to Plaintiff with regard to important facts, including claims that the fraudulent accounts were investigated and were verified to remain on the credit reports.

50.  The representations made by Defendant to Plaintiff, subject to this Complaint, were false and those misrepresentations were used to coerce Plaintiff to believe that Defendant was actually conducting reasonable investigation, that Plaintiff's compliance in providing the

necessary notices and documents would result in Defendant's cooperation and that Defendant was not instructed by furnishers of the fraudulent accounts to delete their reporting.

51.    Defendant knew that the representations made to Plaintiff, as set forth        herein,     were false when the representations were made, or the subject representations were made with reckless disregard for the truth.

52.    Defendant intended that Plaintiff rely on the false misrepresentations made by Defendant.

53.    Plaintiff reasonably relied on said representations, in that Plaintiff believed that the statements, disclosures and representations made by Defendant were true and accurate. Defendant's misrepresentations compelled Plaintiff to make unnecessary efforts and put Plaintiff through additional undue distress while trying to resolve the situation.

54.    As a result of his reliance, Plaintiff was harmed and suffered damages. Plaintiff's reliance on Defendant's false representations was a substantial factor in causing delays and Plaintiff's additional harm.

55.    Defendant is guilty of malice, fraud or oppression, as defined in California Civil Code §3294, and Defendant's actions were malicious and done willfully, in conscious disregard of the rights and safety of Plaintiff, in that the actions were calculated to injure Plaintiff for the benefit and monetary gain of Defendant. As such, Plaintiff is entitled damages pursuant to §3294(a) and is entitled to recover, in addition to actual damages, punitive damages to punish Defendant and to deter future misconduct.

56.    Defendants' RESURGENT, MIDLAND, PORTFOLIO and BANA actions constituted willful violations of the Federal and State laws as described above and herein with respect to Plaintiff's credit file, his rights and his reputation.

WHEREFORE, Plaintiff requests judgment to be entered in his favor and against the Defendants RESURGENT MIDLAND, PORTFOLIO and BANA for:

57.    Actual damages pursuant to 15 U.S.C. §1681n (a)(1)(A) and/or Cal. Civ. Code §1785.31(a)(2)(A);

58.    Statutory damages pursuant to 15 U.S.C. §1681n (a)(1)(A) and/or Cal. Civ. Code §1785.19(a);

59.    Costs and reasonable attorney's fees pursuant to 15 U.S.C. §1681n (c) and/or Code of Civil Procedure §490.020;

60.    Punitive damages pursuant to 15 U.S.C. §1681n (a)(2) and Cal. Civ. Code

§1785.31(a)(2)(B), as the court may allow;

61.     Injunctive relief ordering Defendants to delete the reporting of all fraudulent accounts, pursuant to Cal. Civ. Code §1785.31(b) and pursuant to the fact that the reported information is and has been established as fraudulent;

62.     Declaratory relief, which is available pursuant to 28 U.S.C. §2201 and §2202;

63.     Any other relief this Honorable Court deems just and proper.


DATED: August 28, 2012                               Respectfully submitted,


                                         By: _____
                                         Arshak Bartoumian, Attorney for Plaintiff

ARSHAK BARTOUMIAN (SBN 210370)
OMNIA LEGAL, INC     TEL. 818-532-9339
124 W STOCKER ST STE B GLENDALE CA 91202

## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| ARABO SARKESYAN, an individual<br><br>PLAINTIFF(S)<br>v.<br><br>RESURGENT CAPITAL SERVICES, LP., A<br>Delaware Limited Partnership, ~~et al~~<br>(see attached for additional defendants)<br><br>DEFENDANT(S). | CASE NUMBER<br><br>CV12·7706 SVW (JCGx)<br><br><br>**SUMMONS** |

TO:     DEFENDANT(S): <u>RESURGENT CAPITAL SERVICES, LP</u>
         <u>(see attached for addtional defendants)</u>

    A lawsuit has been filed against you.

    Within __21__ days after service of this summons on you (not counting the day you received it), you
must serve on the plaintiff an answer to the attached ☑ complaint ☐ _____ amended complaint
☐ counterclaim ☐ cross-claim or a motion under Rule 12 of the Federal Rules of Civil Procedure.  The answer
or motion must be served on the plaintiff's attorney, <u>ARSHAK BARTOUMIAN</u>, whose address is
<u>124 W STOCKER ST STE B, GLENDALE, CA 91202</u>. If you fail to do so,
judgment by default will be entered against you for the relief demanded in the complaint.  You also must file
your answer or motion with the court.

                                          Clerk, U.S. District Court

Dated: ___SEP 1 2 2012_____

                                          By: _____
                                                 **SHEA BOURGEOIS**
                                                 Deputy Clerk

                                                 (Seal of the Court)
                                                       1184

*[Use 60 days if the defendant is the United States or a United States agency, or is an officer or employee of the United States.  Allowed
60 days by Rule 12(a)(3)].*

1  ARSHAK BARTOUMIAN (SBN 210370)
   OMNIA LEGAL, INC
2  124 WEST STOCKER STREET STE "B"
   GLENDALE, CALIFORNIA 91202
3  TEL. 818-532-9339
   EMAIL: DISPUTES@OMNIALEGAL.ORG

4               UNITED STATES DISTRICT COURT
5               CENTRAL DISTRICT OF CALIFORNIA

6  ARABO SARKESYAN, an individual,        Case No.:

7      Plaintiff,                          **COMPLAINT FOR:**

8          vs.                                1) VIOLATIONS OF THE
                                                 CALIFORNIA CIVIL CODE
9                                                SECTION 1798.93
   RESURGENT CAPITAL SERVICES, LP., A        2) VIOLATIONS OF THE FAIR DEBT
10                                               COLLECTION PRACTICES ACT;
   Delaware Limited Partnership              3) VIOLATIONS OF THE
11                                               ROSENTHAL FAIR DEBT
   MIDLAND FUNDING, LLC., A Delaware             COLLECTION PRACTICES ACT;
12                                            4) VIOLATIONS OF THE FAIR
   Limited Liability Company                     CREDIT REPORTING ACT;
13                                            5) VIOLATIONS OF THE CONSUMER
   PORTFOLIO RECOVERY ASSOCIATES,                CREDIT REPORTING AGENCIES
14                                               ACT;
   LLC., A Delaware Limited Liability Company 6) VIOLATIONS OF CALIFORNIA
15                                               BUSINESS & PROFESSIONAL
   BANK OF AMERICA N.A., A National              CODE §17200
16
   Association
17                                          **DEMAND FOR JURY TRIAL**
       Defendants.
18

19          NOW COMES Plaintiff ARABO SARKESYAN (hereinafter "Plaintiff"), who is an

20  identity theft victim, by and through his attorney on record Arshak Bartoumian, and brings this

21  Complaint against Defendant RESURGENT CAPITAL SERVICES, LP (hereinafter

22  "RESURGENT"), MIDLAND FUNDING, LLC (hereinafter "MIDLAND"), Defendant

23  PORTFOLIO RECOVERY ASSOCIATES, LLC (hereinafter "PORTFOLIO") and Defendant

24  BANK OF AMERICA N.A. (hereinafter "BANA") and alleges as follows:

25                        **PRELIMINARY STATEMENT**

26      1. The Fair Debt Collection Practices Act ("FDCPA") regulates the behavior of

27  collection agencies attempting to collect a debt on behalf of another. The United States

28  Congress has found abundant evidence of the use of abusive, deceptive, and unfair debt

   collection practices by many debt collectors, and has determined that abusive debt

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

### NOTICE OF ASSIGNMENT TO UNITED STATES MAGISTRATE JUDGE FOR DISCOVERY

This case has been assigned to District Judge Stephen V. Wilson and the assigned discovery Magistrate Judge is Jay C. Gandhi.

The case number on all documents filed with the Court should read as follows:

## CV12- 7706 SVW (JCGx)

Pursuant to General Order 05-07 of the United States District Court for the Central District of California, the Magistrate Judge has been designated to hear discovery related motions.

All discovery related motions should be noticed on the calendar of the Magistrate Judge

=======================================================

**NOTICE TO COUNSEL**

*A copy of this notice must be served with the summons and complaint on all defendants (if a removal action is filed, a copy of this notice must be served on all plaintiffs).*

Subsequent documents must be filed at the following location:

| [X] **Western Division** | [ ] **Southern Division** | [ ] **Eastern Division** |
|---|---|---|
| 312 N. Spring St., Rm. G-8 | 411 West Fourth St., Rm. 1-053 | 3470 Twelfth St., Rm. 134 |
| Los Angeles, CA 90012 | Santa Ana, CA 92701-4516 | Riverside, CA 92501 |

Failure to file at the proper location will result in your documents being returned to you.

**UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA**
CIVIL COVER SHEET

| I (a) PLAINTIFFS (Check box if you are representing yourself ☐)<br>ARABO SARKESYAN | DEFENDANTS<br>RESURGENT CAPITAL SERVICES, LP., A Delaware Limited Partnership, et al<br>(see attached for additional defendants) |
|---|---|
| (b) Attorneys (Firm Name, Address and Telephone Number. If you are representing yourself, provide same.)<br><br>ARSHAK BARTOUMIAN (SBN 210370); TEL. 818-532-9339<br>OMNIA LEGAL, INC<br>124 W STOCKER ST STE B, GLENDALE, CA 91202 | Attorneys (If Known) |

**II. BASIS OF JURISDICTION** (Place an X in one box only.)

☐ 1 U.S. Government Plaintiff   ☑ 3 Federal Question (U.S. Government Not a Party)

☐ 2 U.S. Government Defendant   ☐ 4 Diversity (Indicate Citizenship of Parties in Item III)

**III. CITIZENSHIP OF PRINCIPAL PARTIES** - For Diversity Cases Only
(Place an X in one box for plaintiff and one for defendant.)

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business in this State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business in Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

**IV. ORIGIN** (Place an X in one box only.)

☑ 1 Original Proceeding   ☐ 2 Removed from State Court   ☐ 3 Remanded from Appellate Court   ☐ 4 Reinstated or Reopened   ☐ 5 Transferred from another district (specify):   ☐ 6 Multi-District Litigation   ☐ 7 Appeal to District Judge from Magistrate Judge

**V. REQUESTED IN COMPLAINT:   JURY DEMAND:** ☑ Yes   ☐ No (Check 'Yes' only if demanded in complaint.)

**CLASS ACTION under F.R.C.P. 23:** ☐ Yes   ☑ No   ☑ MONEY DEMANDED IN COMPLAINT: $ Not Yet Asserted

**VI. CAUSE OF ACTION** (Cite the U.S. Civil Statute under which you are filing and write a brief statement of cause. Do not cite jurisdictional statutes unless diversity.)
15 U.S.C. SEC. 1681, CAL CIV CODE 1785 and CAL BUS. & PROF CODE 17200

**VII. NATURE OF SUIT** (Place an X in one box only.)

| OTHER STATUTES | CONTRACT | TORTS PERSONAL INJURY | TORTS PERSONAL PROPERTY | PRISONER PETITIONS | LABOR |
|---|---|---|---|---|---|
| ☐ 400 State Reapportionment | ☐ 110 Insurance | ☐ 310 Airplane | ☐ 370 Other Fraud | ☐ 510 Motions to Vacate Sentence Habeas Corpus | ☐ 710 Fair Labor Standards Act |
| ☐ 410 Antitrust | ☐ 120 Marine | ☐ 315 Airplane Product Liability | ☐ 371 Truth in Lending |  | ☐ 720 Labor/Mgmt. Relations |
| ☐ 430 Banks and Banking | ☐ 130 Miller Act | ☐ 320 Assault, Libel & Slander | ☐ 380 Other Personal Property Damage | ☐ 530 General | ☐ 730 Labor/Mgmt. Reporting & Disclosure Act |
| ☐ 450 Commerce/ICC Rates/etc. | ☐ 140 Negotiable Instrument | ☐ 330 Fed. Employers' Liability | ☐ 385 Property Damage Product Liability | ☐ 535 Death Penalty<br>☐ 540 Mandamus/ Other |  |
| ☐ 460 Deportation | ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 340 Marine | BANKRUPTCY | ☐ 550 Civil Rights | ☐ 740 Railway Labor Act |
| ☐ 470 Racketeer Influenced and Corrupt Organizations |  | ☐ 345 Marine Product Liability | ☐ 422 Appeal 28 USC 158 | ☐ 555 Prison Condition | ☐ 790 Other Labor Litigation |
| ☑ 480 Consumer Credit | ☐ 151 Medicare Act | ☐ 350 Motor Vehicle | ☐ 423 Withdrawal 28 USC 157 | FORFEITURE / PENALTY | ☐ 791 Empl. Ret. Inc. Security Act |
| ☐ 490 Cable/Sat TV | ☐ 152 Recovery of Defaulted Student Loan (Excl. Veterans) | ☐ 355 Motor Vehicle Product Liability | CIVIL RIGHTS | ☐ 610 Agriculture | PROPERTY RIGHTS |
| ☐ 810 Selective Service |  | ☐ 360 Other Personal Injury | ☐ 441 Voting | ☐ 620 Other Food & Drug | ☐ 820 Copyrights |
| ☐ 850 Securities/Commodities/ Exchange | ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 362 Personal Injury-Med Malpractice | ☐ 442 Employment<br>☐ 443 Housing/Acco- mmodations | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 830 Patent<br>☐ 840 Trademark |
| ☐ 875 Customer Challenge 12 USC 3410 | ☐ 160 Stockholders' Suits | ☐ 365 Personal Injury-Product Liability | ☐ 444 Welfare | ☐ 630 Liquor Laws | SOCIAL SECURITY |
| ☐ 890 Other Statutory Actions | ☐ 190 Other Contract | ☐ 368 Asbestos Personal Injury Product Liability | ☐ 445 American with Disabilities - Employment | ☐ 640 R.R. & Truck | ☐ 861 HIA (1395ff) |
| ☐ 891 Agricultural Act | ☐ 195 Contract Product Liability | REAL PROPERTY |  | ☐ 650 Airline Regs | ☐ 862 Black Lung (923) |
| ☐ 892 Economic Stabilization Act | ☐ 196 Franchise | ☐ 210 Land Condemnation | ☐ 446 American with Disabilities - Other | ☐ 660 Occupational Safety /Health | ☐ 863 DIWC/DIWW (405(g)) |
| ☐ 893 Environmental Matters | REAL PROPERTY | ☐ 220 Foreclosure | ☐ 440 Other Civil Rights | ☐ 690 Other | ☐ 864 SSID Title XVI |
| ☐ 894 Energy Allocation Act | ☐ 210 Land Condemnation | ☐ 230 Rent Lease & Ejectment | IMMIGRATION |  | ☐ 865 RSI (405(g)) |
| ☐ 895 Freedom of Info. Act | ☐ 220 Foreclosure | ☐ 240 Torts to Land | ☐ 462 Naturalization Application |  | FEDERAL TAX SUITS |
| ☐ 900 Appeal of Fee Determi- nation Under Equal Access to Justice | ☐ 230 Rent Lease & Ejectment | ☐ 245 Tort Product Liability | ☐ 463 Habeas Corpus-Alien Detainee |  | ☐ 870 Taxes (U.S. Plaintiff or Defendant) |
| ☐ 950 Constitutionality of State Statutes | ☐ 240 Torts to Land<br>☐ 245 Tort Product Liability<br>☐ 290 All Other Real Property | ☐ 465 Other Immigration Actions |  |  | ☐ 871 IRS-Third Party 26 USC 7609 |

CV12·7706

FOR OFFICE USE ONLY:   Case Number:

**AFTER COMPLETING THE FRONT SIDE OF FORM CV-71, COMPLETE THE INFORMATION REQUESTED BELOW.**

**UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA**
CIVIL COVER SHEET

**VIII(a). IDENTICAL CASES:** Has this action been previously filed in this court and dismissed, remanded or closed? ☑No  ☐ Yes
If yes, list case number(s): _____

**VIII(b). RELATED CASES:** Have any cases been previously filed in this court that are related to the present case? ☑No  ☐ Yes
If yes, list case number(s): _____

Civil cases are deemed related if a previously filed case and the present case:
(Check all boxes that apply)  ☐ A. Arise from the same or closely related transactions, happenings, or events; or
☐ B. Call for determination of the same or substantially related or similar questions of law and fact; or
☐ C. For other reasons would entail substantial duplication of labor if heard by different judges; or
☐ D. Involve the same patent, trademark or copyright, and one of the factors identified above in a, b or c also is present.

**IX. VENUE:** (When completing the following information, use an additional sheet if necessary.)

(a) List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which EACH named plaintiff resides.
☐  Check here if the government, its agencies or employees is a named plaintiff. If this box is checked, go to item (b).

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
| LOS ANGELES | VARIOUS |

(b) List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which EACH named defendant resides.
☐  Check here if the government, its agencies or employees is a named defendant. If this box is checked, go to item (c).

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
| LOS ANGELES | VARIOUS |

(c) List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which EACH claim arose.
Note: In land condemnation cases, use the location of the tract of land involved.

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
| LOS ANGELES | VARIOUS |

* Los Angeles, Orange, San Bernardino, Riverside, Ventura, Santa Barbara, or San Luis Obispo Counties
Note: In land condemnation cases, use the location of the tract of land involved

**X. SIGNATURE OF ATTORNEY (OR PRO PER):** _____   Date 08/27/2012

Notice to Counsel/Parties:  The CV-71 (JS-44) Civil Cover Sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law. This form, approved by the Judicial Conference of the United States in September 1974, is required pursuant to Local Rule 3-1 is not filed but is used by the Clerk of the Court for the purpose of statistics, venue and initiating the civil docket sheet. (For more detailed instructions, see separate instructions sheet.)

Key to Statistical codes relating to Social Security Cases:

| Nature of Suit Code | Abbreviation | Substantive Statement of Cause of Action |
|---|---|---|
| 861 | HIA | All claims for health insurance benefits (Medicare) under Title 18, Part A, of the Social Security Act, as amended. Also, include claims by hospitals, skilled nursing facilities, etc., for certification as providers of services under the program. (42 U.S.C. 1935FF(b)) |
| 862 | BL | All claims for "Black Lung" benefits under Title 4, Part B, of the Federal Coal Mine Health and Safety Act of 1969. (30 U.S.C. 923) |
| 863 | DIWC | All claims filed by insured workers for disability insurance benefits under Title 2 of the Social Security Act, as amended; plus all claims filed for child's insurance benefits based on disability. (42 U.S.C. 405(g)) |
| 863 | DIWW | All claims filed for widows or widowers insurance benefits based on disability under Title 2 of the Social Security Act, as amended. (42 U.S.C. 405(g)) |
| 864 | SSID | All claims for supplemental security income payments based upon disability filed under Title 16 of the Social Security Act, as amended. |
| 865 | RSI | All claims for retirement (old age) and survivors benefits under Title 2 of the Social Security Act, as amended. (42 U.S.C. (g)) |